No.——

First Circuit

———

DAVIS v. HILL

———

(April 11, 1928. Opinion and Decree.)

———

(*Syllabus by the Editor*)

1. **Louisiana Digest—Elections by the People—Par. 10, 63, 64.**

A vote cast by a person who had not paid poll tax for the previous year was illegal and should be deducted from the count of the candidate for whom he voted.

Appeal from the Parish of Vernon. Hon. Hal A. Burgess, Judge.

Action by J. H. Davis against L. M. Hill.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed except as to costs which are to be paid in equal proportions by contestants.

Ferguson and Newman, of Leesville, attorneys for plaintiff, appellant.

S. I. Foster, of Leesville, attorney for defendant, appellee.

ELLIOTT, J. This case was remanded to the lower court, and on the remand, the inquiry was limited to ascertain whether Barbara Bass had voted for J. H. Davis or L. M. Hill, and whether at the time the primary election was held, on February 28, 1928, she was liable for poll taxes for the two preceding years, and if so, whether said taxes had been paid by her.

All other questions were eliminated by our opinion and decree herein of March 22, 1928.

On the trial in the lower court, pursuant to the remand, the evidence showed, and the lower court held, that she voted for L. M. Hill; that she was liable for poll taxes at the time, and had not paid same, and therefore she had no right to vote in said election. Her vote was illegal, and was illegally counted, and when deducted from the vote of said Hill, left Hill with only 309 votes.

The record shows that Davis also received 309 votes, therefore the election was a tie, and neither party having received a majority of the votes, there was no nominee for the office of police juror for Ward Five of the Parish of Vernon, as a result of said primary.

The judgment so holding is correct, and is accordingly affirmed. The judgment, however, goes further, and acting under the provisions of Section 31, Act 97 of 1922, the trial Judge also entered an order directed to the Parish Democratic Executive Committee. But as the said committee is not a party to this suit, what he said in that respect is simply obiter dictum.

As for the costs, we believe they should be paid in equal proportions by the contestant and the contestee.

For these reasons, the judgment appealed from is affirmed, except as to the costs. One-half of the costs in both courts is to be taxed against said Davis, and the other half against said Hill.